**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Criminal Action No. 10-cr-00220-DME-1

UNITED STATES OF AMERICA,

       Plaintiff,

v.

MIGUEL ANGEL VELASQUEZ,

       Defendant.

---

**ORDER DENYING MOTION TO REDUCE SENTENCE**

---

       This matter comes before the Court on Defendant Miguel Velasquez's pro se "Motion for Reduction [of] Sentence Pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 782" (Doc. 824).  Pursuant to General Order 2014-2, the Court referred this motion to the Federal Public Defender for an initial advisement as to whether Velasquez is eligible for a sentence reduction under Amendment 782 of the U.S. Sentencing Guidelines.  The Federal Public Defender has elected not to file a § 3582(c)(2) motion to reduce Velasquez's sentence.  The Court, therefore, now considers, and DENIES, Velasquez's pending pro se motion.

       The Court sentenced Velasquez to 192 months in prison for conspiring to distribute methamphetamine and marijuana.  Thereafter, the Sentencing Commission lowered the base offense levels for drug trafficking, U.S.S.G. Amendment 782, and made that amendment retroactive, U.S.S.G. Amendment 788.  See United States v. Gay, 771 F.3d 681, 683 n.1 (10th Cir. 2014).

In light of these events, Velasquez seeks to reduce his sentence under 18 U.S.C. § 3582(c)(2), which gives this Court discretion to reduce a sentence "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o) . . . if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." See Dillon v. United States, 560 U.S. 817, 819, 821 (2010).  The Commission's policy statement governing § 3582(c)(2) proceedings requires this Court, "[i]in determining whether, and to what extent, a reduction in the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement is warranted," to "substitute only [Amendment 782] . . . for the corresponding guideline provisions that were applied when the defendant was sentenced and [to] leave all other guideline application decisions unaffected."  U.S.S.G. § 1B1.10(b)(1), (d); see also Dillon, 560 U.S. at 819, 821, 827.

At sentencing, the Court calculated Velasquez's offense level as follows:

| | |
|---|---|
| base offense level (§ 2D1.1(c)(1)) | 38 |
| possession of a dangerous weapon | +2 |
| role in offense as manager or supervisor | +3 |
| | 43 |
| acceptance of responsibility | -3 |
| Total offense level | 40 |

(Doc. 610 ¶¶ 18-28).  A total offense level of 40, combined with Velasquez's criminal history, category VI, gave Velasquez an advisory sentencing range of 360 months to life

in prison. The Court granted the Government's U.S.S.G. § 5K1.1 motion for a downward departure and Velasquez's motion for a below-guideline sentence in order to impose the 192-month sentence.

Applying Amendment 782 lowers Velasquez's base offense level by 2, to level 36, see U.S.S.G. § 2D1.1(c)(2) (amended), which reduces his total offense level from 40 to 38. But an offense level of 38 combined with Velasquez's criminal history category VI still results in the same advisory guideline range of 360 months to life in prison. Because Amendment 782 thus "does not have the effect of lowering [Velasquez's] applicable guideline range," "[a reduction in [his] term of imprisonment is not consistent with this policy statement [U.S.S.G. § 1B1.10] and therefore is not authorized under 18 U.S.C. § 3582(c)(2)." U.S.S.G. § 1B1.10(a)(2)(B); see United States v. Norwood, -—F. App'x—-, 2015 WL 7873582, at *1 (10th Cir. Dec. 4, 2015) (unpublished); see also Gay, 771 F.3d at 685.

Accordingly, the Court DENIES Velasquez's 18 U.S.C. § 3582(c)(2) motion seeking a reduction in his sentence pursuant to Amendment 782.

Dated this ___9th___ day of _____December___, 2015.

BY THE COURT:

*s/ David M. Ebel*
_____
U. S. CIRCUIT COURT JUDGE